IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND A. THIELE,<br><br>    Plaintiff,<br><br> vs.<br><br>JEREMY HOUGH, *et al.*,<br><br>    Defendant. | Case No. 3:18-cv-00186-RRB<br><br>**SUPPLEMENTAL ORDER AND OPINION GRANTING, IN PART, SUMMARY JUDGMENT**<br>**(Docket 39)** |

## I. INTRODUCTION

This order supplements the Court's opinion and order, dated June 24, 2021, granting partial summary judgment in favor of Defendants.[1] The Court's order reserved judgment on three of Plaintiff's claims, pending further briefing. Having received the parties' supplemental briefs, the Court GRANTS IN PART AND DENIES IN PART summary judgment on Plaintiff's remaining three claims.

## II. BACKGROUND

Plaintiff, Raymond A. Thiele, a self-represented prisoner in the custody of the Alaska Department of Corrections ("DOC"), filed this action based on claims of unlawful mail interference pursuant to 42 U.S.C. § 1983, which permits a plaintiff to seek

---

[1] Docket 47.

relief for federal constitutional violations by officials acting under color of state law. The Court granted summary judgment in favor of Defendants on all but three of Plaintiff's claims: that Defendants withheld a letter from his attorney (Adverse Action 8), that Defendants delayed delivery of a letter from his attorney (Adverse Action 10), and that Defendants opened a letter from his attorney outside of his presence (Adverse Action 12).

### III. LEGAL STANDARD

#### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of proof for showing that no fact is in dispute.[2] If the moving party meets that burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact for trial.[3] The non-moving party may not rely on mere allegations or denials.[4] He must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[5]

When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party, and draw "all justifiable inferences"

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).
[4] *Id.*
[5] *Id.* (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

*Thiele v. Hough, et al.*     Case No. 3:18-cv-00186-RRB
Order re Motion for Summary Judgment     Page 2
Case 3:18-cv-00186-RRB    Document 53    Filed 09/23/21    Page 2 of 9

in the non-moving party's favor. [6] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[7] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[8] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[9]

A party asserting that a fact cannot be or genuinely is disputed must support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[10]

**B. Exhaustion of Remedies Under the Prison Litigation Reform Act (PLRA)**

The Prison Litigation Reform Act ("PRLA") requires prisoners to exhaust their administrative remedies before filing suit. "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[11] The

---

[6] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).
[7] *Id.* at 248.
[8] *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).
[9] *Anderson*, 477 U.S. at 249.
[10] Fed. R. Civ. P. 56(c)(1).
[11] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

*Thiele v. Hough, et al.* Case No. 3:18-cv-00186-RRB
Order re Motion for Summary Judgment Page 3
Case 3:18-cv-00186-RRB   Document 53   Filed 09/23/21   Page 3 of 9

PLRA requires proper exhaustion, which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."[12]

The burden is upon the defendant to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy.[13] Once the defendant has carried that burden, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.[14] The ultimate burden of proof remains with the defendant.[15] If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment.[16] But, if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a "preliminary proceeding."[17]

Defendants have shown that there was available to Plaintiff an internal grievance and appeal system for inmates that requires: (1) an attempt for informal resolution through verbal communication or an RFI; (2) a formal grievance utilizing Form 808.03C that must be filed "[w]ithin 30 calendar days from the date the incident occurred or from when the prisoner has knowledge of the incident;" (3) a grievance appeal

---

[12] *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).
[13] *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

*Thiele v. Hough, et al.*  Case No. 3:18-cv-00186-RRB
Order re Motion for Summary Judgment  Page 4
Case 3:18-cv-00186-RRB   Document 53   Filed 09/23/21   Page 4 of 9

also using Form 808.03C; and (4) a letter to the Standards Administrator for "final administrative" review.[18]

## IV. DISCUSSION

### A. Withheld Letter from Plaintiff's Attorney (Adverse Action 8)

Plaintiff claims that Defendants withheld a letter his attorney mailed him on March 20, 2017. A memorandum from his attorney confirms he sent Plaintiff a letter on that date.[19] Defendants assert that the prison never received the letter and provide a heavily redacted copy of the mail room log.[20]

But, regardless of the substance of Plaintiff's claim, Defendants show that Plaintiff did not file a Form 808.03C grievance within the time limit. Although Plaintiff asserts that he did not learn of the letter until June 15, 2017, Plaintiff's attorney mailed him a copy of the transmittal memo on May 15, 2017, and references "your correspondence dated April 30, 2017."[21] This transmittal memo appears to be the same letter that forms the basis of Adverse Action 10. Plaintiff alleges that the prison received this letter on May 16, 2017, but did not deliver it to him until May 19. Thus, even viewed in a light most favorable to Plaintiff, this establishes that he had concrete knowledge of the missing letter on May 19, 2017. Therefore, prison regulations required Plaintiff to file a Form 808.03C grievance by June 18, 2017.

---

[18] Docket 15-2 at 30–32.
[19] Docket 48-2 at 1–2.
[20] Docket 39 at 23; Docket 39-9.
[21] *Id.* at 1.

Because uncontroverted evidence shows Plaintiff did not file a grievance until July 6, 2017, the State has carried its burden to show that Plaintiff did not exhaust his administrative remedy. Furthermore, because Plaintiff has not shown that the remedy was unavailable to him, summary judgment therefore must be granted on Adverse Action 8.

**B.    Delayed Delivery of Letter from Plaintiff's Attorney (Adverse Action 10)**

Plaintiff claims that the prison received a letter from his attorney on May 16, 2019, but did not deliver it to him until May 19.[22] Defendants do not appear to dispute the delay's factual basis.[23] Instead, Defendants point out that Plaintiff did not submit a Form 808.03C grievance form until July 6, 2017. Because prison regulation 808.03 requires prisoners to file formal grievances within 30 days, Plaintiff needed to file his grievance by June 18.

Because uncontroverted evidence shows Plaintiff did not file a grievance until July 6, 2017, the State has carried its burden to show that Plaintiff did not exhaust his administrative remedy. Furthermore, because Plaintiff has not shown that the remedy was unavailable to him, summary judgment therefore must be granted on Adverse Action 10.

**C.    Letter from Plaintiff's Attorney Opened Outside His Presence (Adverse Action 12)**

Plaintiff claims that on June 6, 2017, he received a letter from his attorney that Defendants had opened outside his presence. Defendants concede that Plaintiff filed his grievance over this incident within the 30-day time limit, but contend that "this

---

[22] As described above, this appears to be the letter from Plaintiff's attorney containing a copy of the memo confirming his letter of March 20.

[23] *See* Docket 39; Docket 50.

*Thiele v. Hough, et al.*  
Order re Motion for Summary Judgment

Case No. 3:18-cv-00186-RRB  
Page 6

Case 3:18-cv-00186-RRB    Document 53    Filed 09/23/21    Page 6 of 9

grievance was properly screened out because the plaintiff failed to follow [the Department of Corrections' Policies & Procedures]."[24] Specifically, Defendants contend that Plaintiff's grievance was improper because it "attempted to grieve multiple issues in one grievance form" and contained "more than two pages of additional pages of narrative."[25]

Considering the importance of Plaintiff's "protected First Amendment interest in having properly marked legal mail opened only in [his] presence,"[26] the Court finds Defendants' arguments unavailing. First, the supplied copy of the Department of Corrections' Policies & Procedures contains no rule requiring formal grievances to only grieve one incident at a time.[27] Instead, they provide that a grievance may be screened if it "raises unrelated issues that should be presented in separate grievances."[28] Although Plaintiff's grievance involved two or three separate incidents, the incidents involved related issues surrounding the treatment of Plaintiff's legal mail. Defendants fail to explain why Plaintiff should have presented two or more separate grievances to exhaust his administrative remedies.

Second, the Court doubts whether the two-page narrative limit for grievances is among the "critical procedural rules" with which the PLRA "demands compliance."[29] The limit is not listed among the Department's Policies & Procedures' list of reasons for

---

[24] Docket 50 at 6.
[25] *Id.*
[26] *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017).
[27] *See* Docket 15-2 at 30–34.
[28] *Id.* at 32.
[29] *Woodford*, 548 U.S. at 90–91.

*Thiele v. Hough, et al.*  Case No. 3:18-cv-00186-RRB
Order re Motion for Summary Judgment  Page 7
Case 3:18-cv-00186-RRB   Document 53   Filed 09/23/21   Page 7 of 9

which grievances will be screened.[30] Considering the importance of the constitutional interest asserted, the Court concludes that these technical deficiencies do not satisfy the Defendants' burden to demonstrate that Plaintiff failed to exhaust his administrative remedies. Accordingly, summary judgment is not warranted on Adverse Action 12.

## V. CONCLUSION

For the foregoing reasons, it is hereby ordered as follows:

1. Defendants' Motion for Summary Judgment at Docket 39 is **GRANTED in part**. Plaintiff's claims regarding withholding of a letter from his attorney (Adverse Action 8) and delayed delivery of a letter from his attorney (Adverse Action 10) are **DISMISSED WITH PREJUDICE**.

2. Defendants' Motion for Summary Judgment is **DENIED in part** with respect to Plaintiff's claim regarding the opening of a letter from his attorney outside of his presence (Adverse Action 12).

3. The following Defendants are not named in Adverse Action 12 and are hereby dismissed: Zane Nighswonger, Lt. Jason Hamilton, Security Sgt. Tom Elmore, Sgt. Kevin Kelly, and John/Jane Does #8 and #10.

4. The Court grants leave for Plaintiff to amend his Complaint to replace the pseudonym "John Doe #11" with the identity provided by the State in discovery. Should he do so, Plaintiff need only reallege the substance of Adverse Action 12 from his Third Amended Complaint. Any Amended Complaint *should be on this Court's form*,

---

[30] Docket 15-2 at 32–33.

*Thiele v. Hough, et al.*             Case No. 3:18-cv-00186-RRB
Order re Motion for Summary Judgment           Page 8
Case 3:18-cv-00186-RRB    Document 53    Filed 09/23/21    Page 8 of 9

which is being provided with this order. Plaintiff is reminded that an amended complaint replaces the prior complaint in its entirety.[31] If Plaintiff chooses to amend his Complaint, he is directed to file it within 30 days. Otherwise, the matter will go forward on the Third Amended Complaint, and John Doe #11 will be dismissed.

5. The Clerk of Court is directed to send Plaintiff form PS01, with "FOURTH AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983."

IT IS SO ORDERED this 23rd day of September, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[31] Local Civil Rule 15.1; *see also* Docket 12.

*Thiele v. Hough, et al.*     Case No. 3:18-cv-00186-RRB
Order re Motion for Summary Judgment     Page 9
Case 3:18-cv-00186-RRB    Document 53    Filed 09/23/21    Page 9 of 9