IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND A. THIELE,

                Plaintiff,

    vs.

Lieutenant HARRY MOORE; Sergeant
GWEN HELMS; and GLADYS
HENDRICKS,

                Defendants.

Case No. 3:18-cv-00186-RRB

**DECISION AND ORDER ON
DEFENDANTS' MOTION FOR
PARTIAL DISMISSAL OF FOURTH
AMENDED COMPLAINT
(Dockets 56 & 57)**

Before the Court is Defendants' *Motion for Partial Dismissal of Fourth Amended Complaint* at Dockets 56 and 57.  The motion is opposed, in part.[1]  Oral argument was not requested and was not necessary to the Court's decision.  For the reasons described in this order, the motion will be granted in part and denied in part.

## I.  BACKGROUND

Plaintiff Raymond A. Thiele, a self-represented prisoner in the custody of the Alaska Department of Corrections ("DOC"), has filed this civil rights action under 42 U.S.C. § 1983 against DOC officers Lieutenant Harry Moore and Sergeant Gwen

---

[1] Docket 59 (Opposition); Docket 61 (Reply).  As this order explains, Plaintiff does not oppose dismissal of Defendant Moore.

Helms, as well as DOC employee Gladys Hendricks. Thiele's Fourth Amended Complaint alleges that on or about June 6, 2017, Defendants violated his First and Fourteenth Amendment rights by unlawfully opening a letter from his lawyer outside of his presence.[2] Specifically, Thiele's Complaint alleges the following regarding each defendant:

- **Gladys Hendricks.** Thiele alleges that Hendricks was the mailroom clerk at the time of the alleged incident. He alleges that on or about June 6, 2017, Hendricks opened a letter from Thiele's attorney outside of Thiele's presence, read the letter, then delivered it to Thiele. Thiele alleges that he refused to accept delivery of the letter and asked to speak to Lt. Moore and Sgt. Helms about the incident.[3]

- **Lt. Harry Moore.** Thiele alleges that Moore was the shift lieutenant on duty at the time of the mail incident and that Thiele spoke to him about it soon afterward. He alleges that Moore "knew of the multitude of issues I was having in regards to my mail and that many of my rights were being denied" but "chose not to stop it."[4] Thiele's Complaint does not allege that Lt. Moore was directly involved in the alleged unlawful opening of Thiele's legal mail at issue.

- **Sgt. Gwen Helms.** Thiele alleges that Helms was the standards sergeant on duty at the time and that he spoke to her about the mail incident soon afterward. Thiele alleges that Helms "knew of the multitude of issues I was having in regards to my

---

[2] Docket 54 (Fourth Amend. Compl.). Thiele's original complaints included additional claims, but the Court previously granted summary judgment in favor of Defendants on all but one claim: that Defendants opened a letter from his attorney outside Thiele's presence (Adverse Action 12).

[3] Docket 54 at 3–4. Thiele's Complaint still refers to Hendricks as "JD #11."

[4] Docket 54 at 3–4.

*Thiele v. Hough, et al.*
Decision and Order on Defendants' Motion for Partial Dismissal of Fourth Amended Complaint
Case No. 3:18-cv-00186-RRB
Page 2

Case 3:18-cv-00186-RRB   Document 63   Filed 10/18/22   Page 2 of 6

mail and that many of my rights were being denied" but "chose not to stop it."[5] As with Lt. Moore, Thiele's Complaint does not allege that Sgt. Helms was directly involved in the opening of Thiele's legal mail at issue in this action.

Thiele's Complaint seeks $10,000 in compensatory damages, $25,000 in punitive damages for each defendant, a declaratory judgment that the opening of his legal mail was unlawful and violated his rights, and any other just relief.[6]

Defendants now move for dismissal of Thiele's claims against Lt. Moore and Sgt. Helms for failure to state a claim upon which relief can be granted.

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires all complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] If a particular claim "fail[s] to state a claim upon which relief can be granted," a defendant may move to dismiss the claim under Rule 12(b)(6).[8] The court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party."[9] To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[10]

---

[5] Docket 54 at 3–4.

[6] Docket 54 at 7.

[7] Fed. R. Civ. P. 8(a)(2).

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*Thiele v. Hough, et al.*                                                                     Case No. 3:18-cv-00186-RRB
Decision and Order on Defendants' Motion for Partial Dismissal of Fourth Amended Complaint          Page 3
Case 3:18-cv-00186-RRB   Document 63   Filed 10/18/22   Page 3 of 6

But at the same time, complaints filed by self-represented plaintiffs, including prisoners, are held to "less stringent standards."[11] District courts have an obligation, "where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner any benefit of the doubt."[12]

## III. DISCUSSION

### A. Lieutenant Moore

Defendants move for dismissal of Thiele's claims against Lt. Harry Moore on the ground that Thiele's complaint does not allege that Moore participated in the opening of Thiele's legal mail. Defendants assert that Thiele's complaint alleges that Moore's involvement was limited only to a failure to exercise his supervisory authority to stop the incident from occurring.[13] Thiele concedes the validity of Defendants' assertions regarding Moore and agrees that the claim against him should be dismissed with prejudice.[14] Accordingly, the Court will dismiss Thiele's claim against Lt. Moore with prejudice.

### B. Sergeant Helms

Defendants move for dismissal of Thiele's claims against Sgt. Gwen Helms on the same ground as they did for Thiele's claim against Lt. Moore. Specifically, they assert that Thiele's complaint does not allege that Helms opened Thiele's legal mail, but only that Helms was "in a position of authority to stop these incidents from occurring."

---

[11] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
[12] *Id.* (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[13] Docket 57 at 4–5.
[14] Docket 59 at 3.

*Thiele v. Hough, et al.*                                    Case No. 3:18-cv-00186-RRB
Decision and Order on Defendants' Motion for Partial Dismissal of Fourth Amended Complaint        Page 4
Case 3:18-cv-00186-RRB   Document 63   Filed 10/18/22   Page 4 of 6

Defendants assert that even if Helms had been in "a position of authority to stop these incidents," as Thiele alleged, such facts "do not establish personal participation and if anything only establish an argument under a theory of respondeat superior."[15]

As Defendants have correctly noted, § 1983 actions cannot be used to hold supervisors vicariously liable under the doctrine of *respondeat superior* for constitutional violations committed by those they supervise.[16] But supervisors *can* be held directly liable under § 1983 for: "1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others."[17] Thiele's allegation that Helms "knew of the multitude of issues I was having in regards to my mail" but "chose not to stop it" could, if properly pleaded, constitute "inaction in the . . . supervision or control of subordinates."

The question, therefore, is whether Thiele's allegations against Helms are well-pleaded and "plausible on [their] face."[18] Because Thiele is a self-represented prisoner alleging a civil rights violation, the Court must give his complaint every benefit of the doubt at the motion to dismiss stage.[19] In the Court's view, Thiele's Fourth Amended Complaint gives a basic statement of a claim that Helms either failed to properly supervise a subordinate or else acquiesced to a subordinate's deprivation of Thiele's rights. Thiele alleges that Helms (and two other officers) chose not to halt the unauthorized opening of

---

[15] Docket 59 at 4–5.
[16] *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022).
[17] *Id.* (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)).
[18] *Iqbal*, 556 U.S. at 678.
[19] *E.g.*, *Hebbe*, 627 F.3d at 342.

*Thiele v. Hough, et al.*                                                          Case No. 3:18-cv-00186-RRB
Decision and Order on Defendants' Motion for Partial Dismissal of Fourth Amended Complaint          Page 5

Case 3:18-cv-00186-RRB   Document 63   Filed 10/18/22   Page 5 of 6

his mail, even though they "knew of the multitude of issues I was having in regards to my mail." Admittedly, Thiele does not explain what these "issues" were, and their identity is relevant to his allegation. For example, if these "issues" that Helms was aware of were previous instances of Hendricks or another subordinate opening Thiele's legal mail outside his presence, Thiele's allegation that Helms "chose not to stop" the violations would be more substantial. But Thiele's basic allegations, if true, might entitle him to relief under § 1983. Because the Court must give Thiele "every benefit of the doubt" at this initial stage, the Court concludes that his basic allegations state a § 1983 claim upon which relief can be granted.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss* is GRANTED IN PART with respect to Plaintiff's claim against Lt. Harry Moore and DENIED IN PART with respect to his claim against Sgt. Gwen Helms.

**IT IS THEREFORE ORDERED THAT:**

1.      Plaintiff's claim against Lt. Harry Moore is DISMISSED WITH PREJUDICE;

2.      Defendants shall file an Answer to Plaintiff's remaining claims within **30 days of the date of this Order.**

IT IS SO ORDERED this 18th day of October, 2022, at Anchorage, Alaska.


                                          */s/ Ralph R. Beistline*
                                          RALPH R. BEISTLINE
                                          Senior United States District Judge

*Thiele v. Hough, et al.*                                          Case No. 3:18-cv-00186-RRB
Decision and Order on Defendants' Motion for Partial Dismissal of Fourth Amended Complaint                Page 6
Case 3:18-cv-00186-RRB   Document 63   Filed 10/18/22   Page 6 of 6