IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND A. THIELE,<br><br>        Plaintiff,<br><br>vs.<br><br>JEREMY HOUGH, *et al.*,<br><br>        Defendants. | Case No. 3:18-cv-00186-RRB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING *IN CAMERA* REVIEW**<br>**(Docket Nos. 68 & 71)** |

## I. INTRODUCTION

Plaintiff Raymond A. Thiele, a self-represented prisoner in the custody of the Alaska Department of Corrections ("DOC"), filed this action based on claims of unlawful mail interference pursuant to 42 U.S.C. § 1983, which permits a plaintiff to seek relief for federal constitutional violations by officials acting under color of state law. The Court previously has dismissed all but one of Plaintiff's claims.[1]

Before the Court are the two remaining Defendants, retired Sergeant Gwen Helms and retired Department of Corrections employee Gladys Hendricks, with a Motion for Summary Judgment in which they request that Plaintiff's Fourth Amended Prisoner's Complaint filed pursuant to 42 U.S.C. § 1983 be dismissed with prejudice.[2] Plaintiff opposes the instant motion, and also requests an *in camera* review of Alpha-2 Mod Logbook from the Anchorage jail in order

---
[1] Docket 63.
[2] Docket 68.

to more fully establish the factual basis of his complaint.[3]  Defendants have replied, and this matter is ripe for decision.[4]

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of proof for showing that no fact is in dispute.[5]  If the moving party meets that burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact for trial.[6]  The non-moving party may not rely on mere allegations or denials.[7]  He must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[8]

When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party, and draw "all justifiable inferences" in the non-moving party's favor.[9]  To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[10]  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[11]  If the

---

[3] Dockets 71, 72.
[4] Docket 75.
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).
[7] *Id.*
[8] *Id.* (citing *First National Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).
[9] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).
[10] *Id.* at 248.
[11] *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

*Thiele v Hough, et al.*  Case No. 3:18-cv-00186-RRB
Order re Motion for Summary Judgment  Page 2
Case 3:18-cv-00186-RRB   Document 78   Filed 10/18/23   Page 2 of 4

evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[12]

### III. DISCUSSION

The gravamen of Plaintiff's Complaint is set forth in the attachment to Claim 1.[13] Plaintiff asserts that on or about June 6, 2017, the ACC mailroom clerk opened and read a letter from his attorney (*i.e.*, legal mail) outside of Plaintiff's presence. Plaintiff reaches this conclusion because the letter in question was delivered to him as part of his regular mail, which is subject to opening and review, and not as part of his legal mail, which is not. Plaintiff seeks $10,000.00 in general damages, plus $25,000.00 in punitive damages from each Defendant, plus costs and fees. Plaintiff asserts that this was one of three incidents where his mail rights were violated over a roughly three-month period, during which time defendant Helms was the acting Facility Standards Officer and during which time defendant Hendricks was one of two mail room clerks. Plaintiff acknowledges in his opposition memorandum that these problems ceased after this last incident.[14]

Although Defendants' Answer denies the factual assertions Plaintiff asserts above,[15] these need not be conclusively resolved in order to address the current summary judgment motion. "Liability under section 1983 arises only upon a showing of personal participation by the defendant . . . A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under section 1983."[16] Defendant Helms, the acting Facilities Standards Officer, did nothing personally to interfere with Plaintiff's mail, did

---

[12] *Anderson*, 477 U.S. at 249.
[13] Docket 54 at 4.
[14] Docket 72.
[15] Docket 64.
[16] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

*Thiele v Hough, et al.*      Case No. 3:18-cv-00186-RRB
Order re Motion for Summary Judgment      Page 3
Case 3:18-cv-00186-RRB     Document 78     Filed 10/18/23     Page 3 of 4

not train or supervise mail room staff, and was not responsible for the activities of the mail room clerks.[17] Accordingly, Plaintiff has failed to establish a genuine issue of material fact as to the personal involvement of Defendant Helms in the alleged violations.

As for Defendant Hendricks, she was one of two mailroom clerks. Plaintiff cannot show that Hendricks is the clerk who opened or misdirected the letter in question. Moreover, even if it was Defendant Hendricks who was involved in this incident, it cannot be shown that the conduct in question was anything other than negligence on her part.[18] Nor has Plaintiff created a genuine issue of fact with respect to a "pattern of misconduct" directed at Plaintiff, warranting injunctive relief.

While Plaintiff speculates that he was personally attacked by mailroom staff and others during a brief time over seven years ago, he has not established a causal connection between either of the Defendants and a violation of his constitutional rights. Nor has Plaintiff established a pattern of conduct directed at him by either of the Defendants.

## IV. CONCLUSION

Therefore, for the reasons set forth above, as well as for the reasons clearly set forth by Defendants in their relevant papers, the Motion for Summary Judgment at Docket 68 is hereby GRANTED, and this matter will be dismissed with prejudice.

Moreover, in as much as the Motion for *In Camera* Review at Docket 71 is both moot and irrelevant to the issues above, it is hereby DENIED.

IT IS SO ORDERED this 18th day of October, 2023, at Anchorage, Alaska.

    */s/ Ralph R. Beistline*
    RALPH R. BEISTLINE
    Senior United States District Judge

---

[17] Docket 69 at 8 (citing Docket 75 (Helms Declaration)).
[18] *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989) (finding the improper opening of a prisoner's letter no more than negligent, and thus insufficient to support a §1983 claim).